J-S66037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA

            Appellee      :

                      : 

                v.             :

                      :

JAMES D. DINICOLA,            :

                      :

           Appellant      :       No. 823 WDA 2015

Appeal from the PCRA Order Entered April 23, 2015,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0002789-2008

BEFORE: OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED JANUARY 05, 2016**

James D. Dinicola (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 11, 2010, Appellant pled guilty to charges of rape of a child, involuntary deviate sexual intercourse with a child, corruption of minors, and endangering the welfare of a child. His original sentence was imposed on July 27, 2010, but following post-sentence motions, the court resentenced Appellant to an aggregate 21 to 42½ years of imprisonment.[1] This Court affirmed Appellant's judgment of sentence on December 28, 2011.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant's aggregate sentence included application of mandatory minimum sentences pursuant to 42 Pa.C.S. § 9718.

*Commonwealth v. Dinicola*, 40 A.3d 205 (Pa. Super. 2011) (unpublished memorandum).

Appellant's first, timely-filed PCRA petition resulted in no relief. *Commonwealth v. Dinicola*, 83 A.3d 1070 (Pa. Super. 2013) (unpublished memorandum). On March 9, 2015, Appellant *pro se* filed a "Petition to Correct Illegal Sentence Pursuant to the Court's Inherent Jurisdiction to Correct Illegal Sentence," which the court treated as a PCRA petition. Therein, Appellant claimed that his sentence is illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and its progeny.[2] On March 23, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 for lack of jurisdiction on the basis that the petition was untimely filed. On April 23, 2015, the PCRA court dismissed the petition. This appeal followed.

On appeal, Appellant contends, *inter alia*, that the court erred in treating his petition as an untimely-filed PCRA petition. In this regard, Appellant essentially argues that, because section 9718 is unconstitutional and "that unconstitutionality applies retroactively to the date of … enactment," the court imposed a sentence which was illegal *ab initio* and subject to correction under the court's inherent authority to correct patent and obvious mistakes. Appellant's Brief at 7-11.

---

[2] This Court held section 9718 unconstitutional in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015).

Appellant's argument is unavailing. "When an action is cognizable under the PCRA, the PCRA is the 'sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose.'" *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011) (quoting 42 Pa.C.S. § 9542); *see also Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (quoting *Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002)) ("It is … well-settled that 'the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.'"). We observe that "an issue pertaining to *Alleyne* goes to the legality of the sentence," *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014), and that the PCRA "provides for an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Because Appellant's legality-of-sentence claim based on *Alleyne* is cognizable under the PCRA, Appellant's petition was properly treated as a PCRA petition.[3]

Moreover, we agree with the PCRA court that Appellant's petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional.

---

[3] Furthermore, this Court in *Jackson* rejected the claim that the PCRA court had authority to consider a challenge to the legality of a sentence under its inherent jurisdiction to correct patent errors in sentences in the absence of statutory jurisdiction under section 9545 of the PCRA. *See Jackson*, 30 A.3d at 518-23 ("[W]hen the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.").

*See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("'[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'"). Thus, "[i]n order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline." *Jackson*, 30 A.3d at 518.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1)-(2).

It is clear that Appellant's 2015 petition is facially untimely: his judgment of sentence became final in 2012. Thus, the PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1). Here, Appellant failed to invoke any of these exceptions. Therefore, the PCRA court properly denied his petition for lack of jurisdiction

on the basis that it was untimely filed.[4]  Accordingly, we affirm the PCRA court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016

---

[4] Appellant observes throughout his PCRA petition and brief to this Court that legality-of-sentence claims brought pursuant to **Alleyne** cannot be waived.  We note that, although true, such claims still must be presented in a timely-filed PCRA petition.  **See Miller**, 102 A.3d at 995 (explaining that, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim"); **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").